USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/10/2025_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of

BANCO BTG PACTUAL S.A., and TRAVESSIA
SECURITIZADORA DE CRÉDITOS
FINANCEIROS VIII S.A.,

                Applicants,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings Pending in
the Federative Republic of Brazil.

24 Misc. 304 (AT)

**Order**

ANALISA TORRES, District Judge:

      On July 15, 2024, the Court granted Petitioners' request to obtain discovery from Admel Properties, Inc. ("Admel") for use in two pending legal proceedings in São Paulo, Brazil, pursuant to 28 U.S.C. § 1782. ECF No. 5. By letter dated September 4, 2024, Petitioners informed the Court that Admel had failed to produce any documents and had not responded to any of Petitioners' communications. ECF No. 6. The Court ordered Admel to contact Petitioners regarding the status of the discovery by September 26, 2024. ECF No. 7. By letter dated October 17, 2024, Petitioners informed the Court that Admel still had not contacted them or produced any of the subpoenaed materials. ECF No. 9. The Court ordered Admel to show cause, by October 22, 2024, why it should not be held in contempt for failure to comply with Petitioners' subpoena and the Court's prior orders. ECF No. 10. Admel did not respond to the Court's order.

      On November 29, 2024, the parties submitted a joint status report explaining that, the previous month, Admel's counsel contacted Petitioners and requested additional time to either reach a resolution with Petitioners or respond to the Court's order to show cause and move to quash Petitioner's subpoena. ECF No. 14. By order dated December 3, 2024, the Court directed Admel to produce the subpoenaed documents and schedule a deposition with its representative by December 13, with said deposition to take place by December 31. ECF No. 15. The Court added that, if Admel failed to comply with the Court's December 13 deadline, it must submit a letter showing why it should not be held in contempt. *Id.* On December 13, Admel informed the Court that it had not produced the subpoenaed material but that it should not be held in contempt because good cause exists to quash Petitioners' subpoena, namely, because Petitioners do not seek discovery for use in a foreign proceeding that is "adjudicative in nature," as required by Section 1782. ECF No. 16 (quoting *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998)). Petitioners responded that Admel, by waiting five months to raise this objection, has forfeited the issue. ECF No. 19.

      Although Admel's objection to Petitioners' subpoena is untimely, the Court retains discretion to consider its merits. *See In re DMCA Section 512(h) Subpoena to YouTube (Google,*

*Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022). Accordingly, by **January 21, 2025**, Admel shall file its motion to quash. The motion shall address whether good cause exists to excuse Admel's delay in objecting to the subpoena. By **January 28, 2025**, Petitioners shall file their opposition papers, and by **January 31, 2025**, Admel shall file its reply, if any. Admel is advised that, in light of the extensive delay caused by its unresponsiveness, its deadline to file its motion to quash will not be extended absent exceptionally good cause shown. Admel is further warned that, should it fail to comply with the Court's orders, the Court may impose monetary sanctions.

       SO ORDERED.

Dated: January 10, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge