```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/9/2025__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
In re Application of

BANCO BTG PACTUAL S.A., and
TRAVESSIA SECURITIZADORA DE
CRÉDITOS FINANCEIROS VIII S.A.,

                         Applicants,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings Pending in
the Federative Republic of Brazil.

24 Misc. 304 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       On July 15, 2024, the Court granted the request of Petitioners, Banco BTG Pactual S.A. ("Banco BTG") and Travessia Securitizadora de Créditos Financeiros VIII S.A. ("Travessia"), to obtain discovery from Admel Properties, Inc. ("Admel") for use in two pending legal proceedings in São Paulo, Brazil, pursuant to 28 U.S.C. § 1782. *See generally* ECF No. 5. Admel now asks the Court to reconsider its order granting the § 1782 petition and to quash Petitioners' subpoena. Mot., ECF No. 21. For the reasons stated below, Admel's motion is DENIED.

## BACKGROUND

       Between May 2011 and January 2013, Itaú Unibanco S.A. ("Itaú") and Banco BVA S.A. ("Banco BVA"), two large Brazilian financial institutions, entered into separate loan agreements with Brazilian biofuel companies Bioverde Indústria e Comércio de Biocombustíveis S/A and Bioverde Participações Ltda. and associated individuals and companies (together, the "Foreign Defendants"). First Pistoresi Decl. ¶¶ 3–5, ECF No. 2. Between June 2012 and April 2013, the Foreign Defendants defaulted on the agreements, and in 2013, Itaú and Banco BVA's bankruptcy estate initiated actions against them in Brazil, seeking a combined total of over 270

billion Brazilian reais, plus interest, monetary adjustment, and attorneys' fees (the "Foreign Proceedings"). Pet. ¶¶ 4–5, ECF No. 1; First Pistoresi Decl. ¶¶ 6–8.

In 2014, in connection with one of the Foreign Proceedings, the Foreign Defendants executed a public instrument of debt confession in which they confessed to owing Itaú money and promised to pay their debt in fixed monthly installments. First Pistoresi Decl. ¶ 12. Later that year, the Foreign Defendants breached that agreement as well. *Id.* ¶ 13. In June 2020, the debt originally owed to Itaú was sold to Travessia, and in February 2024, the debt originally owed to Banco BVA was sold to Banco BTG. Pet. ¶ 6; First Pistoresi Decl. ¶¶ 9–10. Consequently, Travessia and Banco BTG were both substituted as plaintiffs in the Foreign Proceedings. First Pistoresi Decl. ¶¶ 9–10. The Foreign Proceedings remain pending. *Id.* ¶ 26; Second Pistoresi Decl. ¶ 14, ECF No. 28-1.

On July 1, 2024, Petitioners filed their *ex parte* petition (the "Petition"), seeking to obtain documentary and testimonial discovery from Admel pursuant to 28 U.S.C. § 1782. *See generally* Pet. Petitioners believe that the Foreign Defendants own significant assets through Admel, a New York corporation, and have failed to report those assets to the Brazilian courts overseeing the Foreign Proceedings. *Id.* ¶¶ 12–13. Petitioners seek discovery from Admel in the hope of "determin[ing] the location of [the] Foreign Defendants' assets" and "uncover[ing] potential fraudulent transfers or other efforts undertaken by the Foreign Defendants and members of the Bioverde [entities] to avoid paying the significant debt owed to Banco BTG and Travessia by hiding assets outside the jurisdiction of the Brazilian [c]ourts." *Id.* ¶ 32.

By order dated July 15, 2024, the Court granted the Petition, ECF No. 5, and the following week, Petitioners served Admel with a copy of the order and a subpoena directing Admel to designate a representative to appear for a deposition and to produce several categories

of responsive documents, ECF Nos. 6-1 to -2.  In September, Petitioners informed the Court that Admel had not complied with the subpoena or responded to Petitioners' attempts to establish contact.  ECF No. 6 at 1–2.  The Court ordered Admel to contact Petitioners, ECF No. 7, and Admel again failed to comply, ECF No. 9 at 2.  On October 18, 2024, the Court directed Admel to show cause, by November 6, why it should not be held in contempt of court.  ECF No. 10.

Admel failed to meet that deadline, but on November 11, attorney Rodrigo Sadi entered a notice of appearance on behalf of Admel.  ECF No. 12.  The Court directed Petitioners and Admel to file a joint status update regarding Admel's compliance with the subpoena.  ECF No. 13.  By letter dated November 29, Admel informed the Court that it believed that settlement negotiations were ongoing in Brazil and that, if negotiations failed, Admel would move to quash Petitioners' subpoena.  ECF No. 14 ¶¶ 12–13.  The Court again ordered Admel to comply with the subpoena or show cause why it should not be held in contempt.  ECF No. 15.  In response, Admel wrote that it should not be held in contempt because Petitioners do not seek information for use in a foreign proceeding that is "adjudicative in nature" and, as such, were never entitled to discovery under § 1782.  ECF No. 16 at 1–3.  Admel also apologized for its extensive delay—without providing a reason for the initial four months Admel took to appear in this action—and asked for leave to file a motion to quash.  *Id.* at 3–4.  Petitioners opposed Admel's request, arguing that Admel's objections were untimely and a further delay tactic.  *See generally* ECF No. 19.  The Court explained that it has the discretion to consider Admel's untimely argument and directed the parties to brief the issue.  ECF No. 20.  Before the Court is Admel's motion to vacate the Court's order authorizing foreign discovery and to quash Petitioners' subpoena.  Mot.; *see* Mem., ECF No. 22; Opp., ECF No. 28.

**DISCUSSION**

I.    Legal Standard

Pursuant to 28 U.S.C. § 1782(a), a federal district court may authorize foreign discovery if "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by . . . any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (quoting *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012)). A court's discretion is "'not boundless,' but must be exercised 'in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Id.* at 297–98 (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83–84 (2d Cir. 2004)). Additionally, a court must consider the factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which are:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome."

*Mees*, 793 F.3d at 298 (quoting *Intel*, 542 U.S. at 264–65).

II.     Application

    A. Adjudicative Proceeding

Admel contends that Petitioners have failed to meet § 1782's second statutory requirement on the grounds that the requested discovery is not for use in a proceeding before a foreign or international tribunal. Mem. at 7.

To determine whether this requirement is met, the Court considers two questions: (1) whether the foreign proceeding "is adjudicative in nature," and (2) whether "there is actually a foreign proceeding." *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 27 (2d Cir. 1998). The first prong is satisfied if the relevant foreign proceeding has not yet been adjudicated, that is, if the petitioner still has the "*practical ability* . . . to place a beneficial document—or the information it contains—before a foreign tribunal" to its "advantage." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 131–32 (2d Cir. 2017) (emphasis in original); *cf. Euromepa*, 154 F.3d at 28 (denying discovery under § 1782 when the merits of the foreign proceeding had already been adjudicated and an "already extant judgment [wa]s merely being enforced"). The second prong is satisfied if a proceeding is pending or imminent. *Id.* at 29.

Admel does not dispute that the Foreign Proceedings are pending in Brazil; the only issue, therefore, is whether they are "adjudicative in nature." Citing *In re Ibiuna Credito Gestão de Recursos Ltda.*, a recent case in which a court in this District denied foreign discovery requested for use in a Brazilian proceeding, Admel argues that the Foreign Proceedings are not adjudicative in nature because they are essentially "enforcement proceedings related to debt [that] already exist[s]" and involve no "merit-based issue that remains to be decided." No. 24 Misc. 13, 2024 WL 1077559 (S.D.N.Y. Feb. 14, 2024), *rep. & rec. adopted sub nom. Ibiuna Credito Gestão de Recursos Ltda. v. Goldman Sachs Grp. Inc.*, 2024 WL 1076940 (S.D.N.Y.

Mar. 11, 2024). Petitioners contend that *Ibiuna* is distinguishable because the petitioners in that case "failed . . . to fully articulate the complex and adjudicative nature of [the] proceedings," whereas here, Petitioners have submitted evidence showing that the requested discovery "will be presented to the Brazilian judges, who will then determine whether the identified assets are legally subject to execution under Brazilian law" in a process that is neither "ministerial [n]or automatic." Opp. at 12–13.

In *Ibiuna*, the court examined "whether a proceeding for the sole purpose of locating assets that could be used to satisfy judgments or debts is an adjudicative proceeding as required by Section 1782." 2024 WL 1077559, at *7. The court acknowledged the multiple cases holding that foreign proceedings brought to identify assets to satisfy judgments can qualify as adjudicative but specified that, in those cases, "the petitioners had identified an issue that remained to be decided or a hearing that needed to be held." *Id.* The court then distinguished *Ibiuna*, where the petitioners "identified no issue the [foreign] [c]ourt still needs to decide," from other actions in which courts granted § 1782 petitions, including *Union Fenosa Gas, S.A. v. Depository Trust Co.*, a case in which the foreign court would use the requested discovery to "determine whether listed assets are executable under [foreign] law." *Id.* (citing *Union Fenosa Gas, S.A. v. Depository Tr. Co.*, No. 20 Misc. 188, 2020 WL 2793055 (S.D.N.Y. May 29, 2020)).

As Petitioners explain, the facts here are more akin to those of *Union Fenosa* than those of *Ibiuna*. First, the Foreign Proceedings do not involve "the enforcement of an existing judgment" because "they are not based on a judgment, but rather on . . . contract[s] that w[ere] freely agreed upon by the parties" and which can therefore be challenged as invalid. Second Pistoresi Decl. ¶¶ 4, 6, 10. Second, the Foreign Proceedings involve various issues "that

remain[] to be decided," *Ibiuna Credito Gestão*, 2024 WL 1077559, at *7, including, most importantly, whether the assets identified through foreign discovery qualify for debt satisfaction under Brazilian law, Second Pistoresi Decl. ¶ 13.  Because Petitioners have demonstrated that the requested discovery "will be employed with some advantage or serve some use" in the Foreign Proceedings, they have satisfied § 1782's second requirement.  *In re Accent Delight*, 869 F.3d at 132 (quoting *Mees*, 793 F.3d at 298); *see also In re Unión Fenosa Gas, S.A.*, No. 20 Misc. 171, 2020 WL 3446871, at *3–4 (S.D.N.Y. June 23, 2020); *In re Arida, LLC*, No. 19 Misc. 522, 2020 WL 7496355, at *4 (S.D.N.Y. Dec. 21, 2020).  Therefore, discovery is warranted.

      B.  *Intel* Factors

Admel argues that, even if Petitioners have satisfied their burden under § 1782, the Court should vacate or modify its order authorizing discovery because the discovery Petitioners seek is "overbroad and unduly burdensome."  Mem. at 9 (capitalization altered).

The Court looks to the *Intel* factors for guidance.  The first factor favors granting discovery; because Admel is not a party to the Foreign Proceedings, the Brazilian courts cannot "exercise [their] own jurisdiction to order production of the evidence."  *Intel*, 542 U.S. at 264 (citation omitted); *see* Pet. ¶ 39.  The second factor also weighs in Petitioners' favor; Brazilian courts are generally receptive to judicial assistance from U.S. federal courts, and Admel has adduced no evidence to the contrary.  *See Intel*, 542 U.S. at 264; Pet. ¶ 41; *In re Aguila Energia e Participações Ltda.*, No. 22 Misc. 228, 2023 WL 7001445, at *5 (S.D.N.Y. Aug. 22, 2023), *rep. & rec. adopted sub nom. Aguila Energia e Participações Ltda. v. JPMorgan Chase & Co.*, 2024 WL 3373416 (S.D.N.Y. July 10, 2024).  As does the third factor, because nothing in the record suggests that Petitioners' request for discovery "conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–65.

According to Admel, however, the fourth *Intel* factor strongly weighs in its favor because Petitioners' request for discovery is "unduly intrusive or burdensome." *Id.* at 265; *see* Mem. at 9.  In support of this claim, Admel states that Petitioners unreasonably seek "documents and information encompassing the entire corporate and transactional history of Admel going back more than a decade," an overbroad request considering that only Admel's current assets are relevant to the Foreign Proceedings.  Mem. at 9–10; *see* Pet. ¶ 11–14.  Petitioners disagree, contending that the discovery requests fall within the scope of permissible discovery under the Federal Rules of Civil Procedure.  Opp. at 17.

The Court agrees with Petitioners.  Rule 26(b)(1) provides that a party may obtain discovery for materials that are "relevant" to its claim and "proportional to the needs of the case."  "Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016). Here, Petitioners request discovery concerning Admel's assets going back eleven years.  ECF No. 4-1 at 6–7.  Although the Court might otherwise hesitate to authorize such extensive discovery, Petitioners' request makes sense in light of the length and nature of the Foreign Proceedings, which were filed in late 2013, eleven years before Petitioners began this action. First Pistoresi Decl. ¶ 8.  Furthermore, Admel does not explain why producing the requested discovery would be overly burdensome.  Given that fact, plus the fact that the first three *Intel* factors weigh in Petitioners' favor, the Court denies Admel's motion to quash Petitioners' subpoena.

**CONCLUSION**

For the foregoing reasons, Admel's motion to vacate the Court's order authorizing foreign discovery and to quash Petitioners' subpoena is DENIED. By **April 30, 2025**, Admel shall produce the subpoenaed documents and schedule a deposition with its representative. Given Admel's excessive delay throughout the course of these proceedings, the Court will not extend this deadline absent exceptionally good cause shown.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 21.

SO ORDERED.

Dated: April 9, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge